[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO APPORTION SOCIAL SECURITY DEPENDENCY BENEFITS PAID TO THE PARTIES' MINOR CHILDREN #172
The defendant, who filed a Motion to apportion social security CT Page 7762 dependency benefits paid to the parties' minor children, is seeking to reduce his child support obligation by offsetting his support obligation against social security dependency benefits paid to the minor children. A motion to modify child support is the appropriate procedural vehicle by which to seek such a modification.[1]
"[A]n order of the court must be obeyed until it has been modified or successfully challenged. . . ." Citation omitted; internal quotation marks omitted.) Eldridge v. Eldridge, 244 Conn. 523, 530, 710 A.2d 757
(1998). "[A] child support order cannot be modified unless there is (1) a showing of a substantial change in the circumstances of either party or (2) a showing the final order for child support substantially deviates from the child support guidelines absent the requisite findings. SeeGeneral Statutes § 46b-86 (a). The party seeking the modification bears the brunt of showing the existence of a substantial change in circumstances." (Internal quotation marks omitted.) Also, pursuant to Practice Book § 25-30, financial affidavits must be filed in support of the motion to modify.
Under the circumstances, the defendant's Motion to apportion social security dependency benefits paid to the parties' minor children is denied because such a motion is not cognizable under Connecticut common law or statute.
 ___________________ CUTSUMPAS, J.